UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-35179 |
| MICRODERMIS CORPORATION | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE JEFFREY P. NORMAN |

**TRUSTEE'S MOTION TO (a) AUCTION PATENT RIGHTS AND INTERESTS; (b) ESTABLISH CREDIT BIDDING PROCEDURE FOR AUCTION BIDS and (c) SURCHARGE PROCEEDS OF SALE/ REQUIRE PAYMENT OF ADMINISTRATIVE CLAIMS**

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING ON THIS MOTION HAS BEEN SELF-CALENDARED FOR APRIL 10, 2019 @ 11:00 A.M., AT 515 RUSK, 4TH FLOOR, COURTROOM 403, HOUSTON, TEXAS 77002, BEFORE THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE.**

---

**To the Honorable Jeffrey P. Norman,**
**United States Bankruptcy Judge**:

COMES NOW Randy W. Williams, Chapter 7 Trustee ("Trustee") of the above-captioned bankruptcy case and respectfully states as follows:

**A. Jurisdiction, Venue and Constitutional Authority**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N) and/or (O) and arises in and/or under title 11.   The statutory predicate for the relief sought herein is 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004.

2.      Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3.      This Court has constitutional authority to enter a final order regarding this matter.   This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.   *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)).   In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception.   *See Id.*

### B. Factual and Procedural Background

4.      On September 13, 2018 (the "Petition Date"), Microdermis Corporation (the "Debtor") filed for voluntary Chapter 7 bankruptcy relief.   On the same date, the Trustee was appointed interim Chapter 7 Trustee and has since become permanent Trustee.

5.      In its Schedule A/B: Assets – Real and Personal Property [Docket Number 3], the Debtor disclosed ownership of the patents and pending patent applications (both in the United States and abroad) (hereafter collectively referred to as the "Patents") valued at $659,865.00.   The Patents relate to the Debtor's efforts to produce a commercially saleable topical antiseptic product for over the counter sale, medical and/or cosmetic use and other applications.   However, despite its efforts, by the Petition Date the Debtor had not developed a marketable product.

6.      In its Schedule D: Creditors Who Have Claims Secured by Property, the Debtor lists a number of alleged creditors with claims allegedly secured by the Patents totaling in the aggregate almost $6.2 million.

7.      The Trustee has attempted to engage a marketing firm with experience in marketing intellectual property to assist him in the liquidation of the Patents, such as Hilco.   However, the Trustee's efforts are restricted by fact that the Bankruptcy Estate has no cash funds with to pay a marketing firm in advance.   Further, as mentioned in prior pleadings, the Trustee has been in discussions with Mr. James P. Hosler, a creditor, to provide financial assistance to the Estate to facilitate a public auction of the Patents, together with all related patent rights and applications and registrations therefor, and all related service

marks and trademarks (and applications and registrations therefor), and all other intellectual property rights of the Debtor relating to the Patents (collectively, the "Patent Rights and Interests"). However, to date, no marketing firm has been located which can assist the Estate within price parameters acceptable to Mr. Hosler.

8.     The Trustee believes that there are tangible manifestations of the intangible intellectual property rights included in the Patent Rights and Interests in various media (including computer hard drives and papers), and that such tangible materials have no value apart from the Patent Rights and Interests they manifest. Such additional materials (as distinguished from the information they contain) may or may not be included in a narrow definition of the Patent Rights and Interests. However, the Trustee believes that such additional materials have *de minimus* value apart from the Patent Rights and Interests and proposes that for purposes of the proposed sale, that the Patent Rights and Interests shall also be deemed to include all of the Debtor's computers, electronic storage devices, files, and other documents and papers, and all claims relating to the same that may be in the possession of persons other than the Trustee (*except for* any financial or corporate records of the estate reasonably required by the Trustee in the performance of his statutory duties, as to which the Estate shall retain ownership) and that no value shall be placed on the same for purposes of the proposed Auction described below.

## C. Relief Requested

*I.   Auction*

9.     The Trustee requests authorization to sell the Patent Rights and Interests to the highest and best bidder at public auction conducted by the Trustee (the "Auction"). The Trustee believes, given all the circumstances of the Estate, that the proposed Auction is the most appropriate means by which to administer the Estate's interest in the Patent Rights and Interests. With regard to conduct of the proposed Auction, the Trustee proposes the following procedures:

a.     That the Auction be conducted at a location designated by the Court within the Bob Casey Federal Building, 515 Rusk, Houston, Texas 77002, at a time Ordered by the Court and in a manner deemed appropriate by the Trustee. The Trustee may, in his discretion, make a record of the

auction proceedings by means he deems most appropriate if more than one bidder is expected to compete in the Auction;

b.      That the Patent Rights and Interests will be sold as a single unit for cash consideration only, with no non-cash consideration of any kind allowed, excepting any credit bid allowed by the Court;

c.      That to determine whom shall commence bidding, all bidders present at the start of the Auction shall roll a twenty-side die once, with the bidder with the highest roll being the initial bidder.   In the event of a tie, the tying parties shall continue taking turns until there is no longer a tie with the party with the highest roll being the initial bidder.   The initial bidder has an obligation to make an initial bid.   After the initial bid, each bidder present shall have a single turn to make an overbid of the last bid.   A bidder who fails to make an overbid shall forfeit the right to continue bidding at the Auction;

d.      The initial bid must be for no less than $100,000 (whether cash, credit bid or some combination thereof).   All subsequent bids shall be for no less than $5,000.00 in value (whether cash, credit bid or some combination thereof) higher than the last bid;

e.      That at the conclusion of the Auction, the bidder making the highest and best bid will be announced as the Prevailing Bidder.   The bidder with the next highest and best bid may be announced as the Back-up Bidder.   Both the Prevailing Bidder and any Back-Up Bidder must execute and provide a purchase contract in the form attached as **Exhibit A**.   The Trustee will then seek approval of the sale of the Patent Rights and Interests to the Prevailing Bidder, as well as approval of the bid of the Back-Up Bidder at the Sale Hearing.   The bid of the Back-Up Bidder, and its duty to consummate the purchase of the Patent Rights and Interests, shall remain open and in full force until the close of a sale of the Patent Rights and Interests.   If the Prevailing Bidder fails to close, the Back-up Bidder shall have three (3) business days following notice that the sale to the Prevailing Bidder did not close, in which to close on the purchase of the Patent Rights and Interests.   All persons participating in the Auction are deemed to have consented to being the Back-up Bidder, if selected by the Trustee;

f.      That the Patent Rights and Interests shall be sold in an AS IS WHERE IS condition with all faults and defects, with no representations or warranties, express or implied, of any kind. Furthermore, the Patent Rights and Interests will be sold free and clear of all liens and claims pursuant to 11 U.S.C. §363(b) and (f), with such attaching to the proceeds of sale in the same order, priority and validity as existed prior to the bankruptcy filing, as determined pursuant to the procedures set forth in Part II of this Motion;

g.      That by participating in the Auction, a bidder will be deemed to (i) have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction or the construction and enforcement of these procedures and (ii) have conducted all due diligence required to participate in the Auction on a fully informed basis and is not relying on an representation of any kind by the Trustee in exercising its business judgment in bidding on/purchasing the Patent Rights and Interests;

h.      That the closing of the sale of the Patent Rights and Interests shall take place within five (5) business days after the Order approving the sale becomes final and non-appealable.   Upon payment, the Patent Rights and Interests shall be assigned by way of assignment in a form

acceptable to both parties.  Any dispute regarding the form of assignment is to be immediately submitted to the Bankruptcy Court for resolution.

10.     Assuming approval of these, or alternate bid procedures, the Trustee requests that the Court set **June 3, 2019 at 10:00 a.m., central time** as the date for the Auction; set **June 5, 2019 @ noon, central time** as the date by which any objections to Sale Approval must be filed with the Court in writing; and set a sale approval hearing for **June 7, 2019**.

11.     As stated above, the Debtor alleges that the Patent Rights and Interests are worth $659,865.00 with alleged secured claims burdening the Patents Patent Rights and Interests of approximately $6.2 million.   Accordingly, the Trustee proposes that the Patent Rights and Interests be sold at auction free and clear of any and all liens and claims pursuant to § 363(b) and (f), with the same attaching to the proceeds of sale in the same order, priority and validity as existed on the Petition Date, as determined pursuant to the procedures set forth in Part II of this Motion, excepting that the same does not attach to any amounts to be paid by the Prevailing Bidder, or Back-Up-Bidder, as the case may be, pursuant to the terms in Part III of this Motion and as determined by this Court.

12.     The Trustee further requests that a hearing on approval of the sale of the Patent Rights and Interests be held promptly after close of the auction.

*II. Credit Bidding Procedure*

13.     As noted above, a number of parties are listed in the Debtor's Schedule D with alleged secured claims associated with the Patent Rights and Interests.  A creditor holding a valid, perfected security interest in the Patent Rights and Interests may have rights to credit bid at the auction proposed by the Trustee.  However, the Trustee believes there is significant doubt and uncertainty as which creditors actually hold valid, perfected security interests in any or all of the Patent Rights and Interests.   Specifically, perfection (as opposed to creation of a security interest) of a security interest in a patent requires the filing of a UCC-1 financing statement with the Secretary of State of the state in which the obligor is incorporated, which, in the case of the Debtor, is the State of Delaware.  A UCC-1 search obtained by the Trustee

indicates that only four (4) persons filed UCC-1 financing statements with the Delaware Secretary of State with regard to the Debtor:  Mr. Michael R. Clark (as collateral agent on behalf of certain lenders), Mr. James P. Hosler, Mr. David McCann Sweeney and Mr. Ken Kaylor.   A copy of the UCC-1 report is attached as **Exhibit B**.  Mr. Sweeney's UCC-1s do not identify the Patent Rights and Interests as collateral thereunder, however.   Moreover, the Trustee has been advised that a number of creditors of the Debtor may have executed subordination agreements regarding their claims, which may affect the order of priority of potential secured claims.   Furthermore, the Debtor's Schedule D indicates a far greater number of alleged secured claims than revealed by the UCC-1 search.   Thus, there is uncertainty regarding the nature, extent and validity of secured claims against the Patent Rights and Interests and other Estate property. Accordingly, so as to have certainty as to the amount and validity of any credit bid made at the Auction, the Trustee requests the following procedures to determine the value of secured claims against the Patent Rights and Interests for purposes of credit bidding:

a.      That all creditors asserting a secured claim against any or all of the Patent Rights and Interests be required to file a proof of claim (an "SPRI Claim") in this case no later than **May 10, 2019** (the 30th day after the self-calendared date for the hearing to approve this Motion) (the "SPRI Claim Filing Deadline") and attach such documents to the proof of claim establishing:  (i) the amount of the claim as of the Petition Date; (ii) the specific collateral for the SPRI Claim; (iii) the means and date by which the security interest asserted was created; and (iv) the means and date by which the security interest asserted was perfected and the specific collateral against which perfection is alleged;

b.      That the Court set **May 24, 2019**, as the date by which objections to SPRI Claims must be filed;

c.      That the Court set **May 31, 2019**, as the date on which to hear all objections to SPRI Claims and to determine the validity, amount and priority of each SPRI Claim (the "Credit Bid Hearing") for purposes of credit bidding at the Auction pursuant to 11 U.S.C. § 363(k) ("Allowed SPRI Credit Bids");

d.      Enter an Order that forever bars any party who fails to timely file an SPRI Claim by the SPRI Claim Filing Deadline from asserting a secured claim against the Patent Rights and Interests (as well as the proceeds of sale thereof) and credit bidding at the Auction; and

e.      Order that any party who fails to timely file an objection to an SPRI Claim by the deadline for doing so shall be forever barred from disputing the validity, amount and priority of the SPRI Claim vis-à-vis the Patent Rights and Interests (and the proceeds of sale thereof).

*III. Surcharge for Administrative Claims*

14.     The Estate has incurred significant administrative expenses in preserving the Patent Rights and Interests and seeking Court approval of a liquidation process therefor in the form of fees and expenses by general and special counsel, as well as compensating the Trustee for his time and effort and James Hosler for his advances to the Trustee to preserve the value of the Patent Rights and Interests.   The Trustee requests that the Prevailing Bidder, or Back-Up-Bidder, as the case may be, at Auction be required to pay, in addition to the amount of its bid, an amount in cash funds sufficient to compensate the Estate for all administrative expenses incurred through the date of the Auction and to close the Auction sale.

15.     The Trustee requests compensation based upon the percentages set forth in 11 U.S.C. § 326(a) as applied to the amount of the bid (being the total of the final cash and credit bid) of the Prevailing Bidder, or Back-Up-Bidder, as the case may be, which closes on the sale of the Patent Rights and Interests.

16.     On January 4, 2019, the Court entered an Order authorizing the Trustee's employment of Ross, Banks, May, Cron and Cavin, P.C. ("General Counsel") as his general counsel [Docket Number 24]. Since that time, General Counsel has provided the Trustee with necessary legal representation in this case and incurred fees and expenses related thereto.   Fees and expenses of general counsel, *as of the date of filing of this motion*, are estimated to be between $10,000 and $15,000.   Additional fees and expenses will be incurred through closing of the sale of the Patent Rights and Interests.

17.     On December 19, 2018, the Court entered an Order authorizing the Trustee's employment of Choate, Hall & Stewart, LLP ("Special Counsel") at ECF No. 21 as special counsel for the Trustee to address all legal issues regarding the maintenance of the Patent Rights and Interests.   Further, because the Estate lacked the funds with which to pay Special Counsel for fees and expenses incurred, the Court authorized the grant of a Chapter 7 administrative claim in favor of Mr. Hosler, for all amounts advanced on behalf of the Estate to Special Counsel up to $16,100.00.

18.     The Trustee requests that in addition to the other matters to be considered at the Credit Bid Hearing, that the Court consider the following:

     a.     The amount of fees and expenses incurred to date by General Counsel, as well as estimated fees and expenses through closing, which must be paid by the successful bidder at the Auction in addition to its Auction bid to purchase the Patent Rights and Interests;

     b.     The amount of fees and expenses incurred to date by Special Counsel, as well as estimated fees and expenses through closing, which must be paid by the successful bidder at the Auction in addition to its Auction bid to purchase the Patent Rights and Interests and then reimbursed to Mr. Hosler; and

     19.     For purposes of summary only, as set out above, the Trustee requests that the Court set the following deadlines/hearings related to the proposed auction:

| | | |
|---|---|---|
| a. | SPRI Claims Filing Deadline: | **May 10, 2019** |
| b. | Deadline to file SPRI Claims: | **May 24, 2019** |
| c. | Hearing on SPRI Claim Objections: | **May 31, 2019** |
| d. | Auction: | **June 3, 2019 @ 10:00 a.m., central time** |
| e. | Deadline to file Sale Objections: | **June 5, 2019 @ noon, central time** |
| f. | Sale Approval Hearing: | **June 7, 2019** |

     WHEREFORE, based on the foregoing the Trustee requests that this Court grant all relief sought herein and for such other and further relief to which he may show himself entitled.

                  Respectfully submitted,

                  */s/ Marc Douglas Myers*

                  _____

                  Marc Douglas Myers
                  Ross, Banks, May, Cron & Cavin, P.C.
                  SBN 00797133
                  7700 San Felipe, Suite 550
                  Houston, Texas 77063
                  (713) 626-1200; (713) 623-6014 fax
                  mmyers@rossbanks.com
                  COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

     I hereby certify that on March 12, 2018, a true and correct copy of the foregoing was sent via regular US mail to the Debtor, counsel for the Debtor, the Trustee, counsel for the Trustee, the US Trustee, all creditors and all persons requesting notice as set forth in the attached unless otherwise served by the CM-ECF system.

                  */s/ Marc Douglas Myers*

                  _____

                  Marc Douglas Myers

## REAL ESTATE PURCHASE CONTRACT

1.    **PARTIES**:   Subject to the terms stated herein, Seller agrees to sell and assign, transfer, set over and/or convey to Buyer the Property described in Paragraph 2.   Buyer agrees to buy the Property from Seller for the sales price stated in Paragraph 3.   The parties to this contract are:

Seller:   Randy W. Williams, Trustee of the Chapter 7 Estate of Microdermis Corporation, Case No. 18-35179 (the "Bankruptcy Case" or "Bankruptcy Estate") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Court") and not in his individual capacity ("Seller").

Address:   7924 Broadway Ste. 104, Pearland, Texas 77581
Phone:     (281) 884-9262
email:     rww@bymanlaw.com

Buyer:  _____ ("Buyer")

Address: _____
Phone:   _____
Email:   _____

The parties agree that any notice under this agreement may be sent by written or electronic means to the foregoing mailing addresses, email addresses or fax numbers.

2.    **PROPERTY**:   All right, title and interest of Seller in and to the property described in the attached **Exhibit A** (hereafter the "Property").

3.    **SALES PRICE**:   The sales price is the total of the following:

a.  Cash                                          $_____ +
b.  Credit Bid                                    $_____ +
c.  Surcharge for Administrative Expense          $_____

                                          =
                                    $_____ (the "Sales Price")

    This contract is not contingent upon Buyer obtaining financing.

4.    **GOOD FAITH DEPOSIT**:

a.  Substantially concurrent with the execution of this contract and provision thereof to the Seller, Buyer shall deposit with Seller the sum of 10% of the Cash portion of the Sales Price listed in paragraph 3(a) above, being $_____, as a "Good Faith Deposit," which will be applied to the Sales Price at closing.   The Good Faith Deposit shall be paid by a business check, certified or bank check, or other form acceptable to Seller in his sole and absolute discretion, payable to Randy W. Williams, Trustee.   If Buyer is not the Successful Bidder or Backup Successful Bidder that closes on the sale of the Property, any Good Faith Deposit will be returned to Buyer within ten (10) business days after closing by the Successful Bidder without offset of any kind.

b.  If Buyer fails to deposit the Good Faith Deposit as required by this contract, then this contract will immediately terminate and be of no further force and effect.

5.      **PROPERTY CONDITION AND OPPORTUNITY TO INSPECT**:

    a.  SELLER MAKES NO REPRESENTATION, WARRANTY, STATEMENT, OR OTHER ASSERTION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PROPERTY TO BE SOLD, IT'S MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

    b.  Buyer will take the Property **AS IS, WHERE IS**, with any and all latent and patent defects.   Buyer shall be fully responsible for making its own evaluation and determination as to any aspect of the Property.   Buyer acknowledges that, having been given the opportunity to inspect and evaluate the Property, said Purchaser will be relying solely on said Purchaser's own investigation and not on any information provided by Seller.

6.      **CLOSING**:   The closing of the sale will be no earlier than 10:00 AM central time on the fifth (5th) business day following the date that the Bankruptcy Court Order approving the sale of the Property becomes final and non-appealable, unless the parties agree in writing to do so sooner (the "Closing Date").   If either party fails to close by the Closing Date, the non-defaulting party may exercise the remedies for in this agreement.

    a.  At closing, Seller will convey the Property to Buyer by way of assignment in a form acceptable to both parties.   Any dispute regarding the form of assignment to be immediately submitted to the Bankruptcy Court for resolution.

    b.  At closing, Buyer will pay the Sales Price in good funds acceptable to the Seller, unless previously paid in full.

7.      **DEFAULT**:

    a.  If Buyer fails to comply with this Contract, Buyer is in default and Seller may retain the Good Faith Deposit and terminate the Contract with Buyer;

    b.  If Seller fails to comply with this Contract, Seller is in default and Buyer may as its sole and exclusive remedy terminate this Contract and receive the Good Faith Deposit as liquidated damages, thereby releasing the parties from this Contract

8.      **ATTORNEY'S FEES**:   If Buyer or Seller is a prevailing party in any legal proceeding brought under or with relation to this Contract or this transaction, such party is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorneys' fees.   This Paragraph survives termination of this Contract.

9.      **AGREEMENT OF THE PARTIES**:

    a.  This Contract contains the entire agreement of the parties and may not be changed except in writing. In the event any covenant, condition or provision herein contained is held to be invalid by final judgment of any Court of competent jurisdiction, the invalidity of such covenant, condition or provision shall not in any way affect any other covenant, condition or provision herein contained, which shall continue in full force and effect.

    b.  If this Contract is executed in a number of identical counterparts, each counterpart is an original and all counterparts, collectively, constitute one agreement.

c. Buyer may not assign this Contract absent Bankruptcy Court approval.

d. Jurisdiction regarding any disputes regarding this agreement shall be exclusively in the United States Bankruptcy Court and case in which Seller serves as Chapter 7 Trustee.   This agreement shall be governed by the US Bankruptcy Code and Federal Rules of Civil and Bankruptcy Procedure and, failing the applicability of any of the foregoing, the laws of the State of Texas.

e. All obligations of the parties created hereunder are performable in Harris County, Texas.   In case any one or more of the provisions contained in this Contract shall for any reason be held to be invalid, illegal, and unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision hereof, and this Contract shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein. This Contract constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the within subject matter and cannot be changed except by their written consent.   Words of any gender used in this Contract shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural, and vice versa, unless the context requires otherwise.

10.   All aspects of this agreement are subject to bankruptcy court approval.

11.   Time is of the essence.

12.   Buyer agrees that in the event that this bid, or any enhanced bid made by Buyer at the auction, is not the Prevailing Bidder (i.e. the highest and best bid), but is the next highest and best bid, that such bid may be used by Seller as a Back-Up Bid and Buyer will be considered a Back-Up Bidder.   In that circumstance the Back-Up Bid, and the obligation of Buyer to be a Back-Up Bidder to consummate the purchase of the Property, shall remain open and in full force until the close of the sale of the Property to the Prevailing Bidder.   If the Prevailing Bidder fails to close on the sale of the Property, Buyer agrees to close on this bid within three (3) days after receiving notice from Seller of the failure of the Prevailing Bidder to close.

**BUYER:**

By: _____   (signature)
_____   (printed name)
_____ of   (capacity)
_____   (Buyer name)

Date: _____

**SELLER**:

By: _____
Randy W. Williams, Trustee and not individually

Date: _____

**Exhibit A**

"Property":  This term shall mean the patents and pending patent applications listed below, as well as (i) all related patent rights and applications and registrations therefor; (ii) all related service marks and trademarks (and applications and registrations therefor); (iii) all other intellectual property rights of the Debtor relating thereto and (iv) all of the Debtor's computers, electronic storage devices, files, and other documents and papers, and all claims relating to the same that may be in the possession of persons other than the Trustee (*except for* any financial or corporate records of the estate reasonably required by the Trustee in the performance of his statutory duties, as to which the Estate shall retain ownership):

| US Application Number | Filing Date (exp. base) | Title | Issue Date | Patent Number | Ex-US Application No. | Status |
|---|---|---|---|---|---|---|
| 12/630,630 | 2009-12-03 (2003-09-22) | TRANSDERMAL COMPOSITIONS | 2011-02-22 | 7,893,285 | | Granted |
| 12/630,690 | 2009-12-03 (2003-09-22) | TRANSDERMAL COMPOSITIONS | 2012-01-24 | 8,101,163 | | Granted |
| 12/758,948 | 2010-04-13 (2003-09-22) | TRANSDERMAL COMPOSITIONS | 2011-02-15 | 7,888,393 | | Granted |
| 13/249,915 | 2011-09-30 (2003-09-22) | TRANSDERMAL COMPOSITIONS | 2013-09-17 | 8,536,228 | | Granted |
| 13/867,379 | 2013-04-22 (2003-09-22) | TRANSDERMAL COMPOSITIONS | 2015-07-21 | 9,084,821 | | Granted |
| 13/916,882 | 6/13/2013 (2011-05-05) | POVIDONE-IODINE TOPICAL COMPOSITION | 7/19/2016 | 9,393,283 | | Pending: Published 2014-04-03 as |
| | | | N/A | N/A | Brazil | Pending |
| | | | 2016-07-6 | 53.135 | Chile | Granted |
| | | | 2016-07-13 | EP2566488 | EP (Europe) EP11778327.4 | Granted |
| | | | N/A | N/A | EP (Europe) 16179027.4 | Pending Published as EP3146972 on 5/29/17 |
| | | | N/A | N/A | Hong Kong 17109826.2 | Pending |
| 16/228,025 | 12/20/2018 | IMPROVED COMPOSITIONS | N/A | N/A | | Pending |
| | | | N/A | N/A | Argentina 2012 01 4081 | Pending |
| | | | N/A | N/A | Brazil | Pending |
| | | | N/A | N/A | Ecuador IEPI-2014-2959 | Pending |
| 14/683276 | 2015-04-10 (2015-04-10) | CLOSTRIDIUM DIFFICLE SPORICIDAL COMPOSITIONS | 2017-04-25 | 9,629,875 | | Granted |
| | 6/30/2019 | Method of Treating Topical Ailments | 2003-11-11 | 6,645,510 | | |

Attention: SHERRY STRATTON



*Global Solutions for Corporate and Financial Compliance*

# *State Search Report*

| RE:  **MICRODERMIS CORPORATION** | Jurisdiction: **DELAWARE SECRETARY OF STATE** | Date:  October 8, 2018<br>Reference Number:  67281/1 |
|---|---|---|
| • UCC Financing Statements:  **SEE ATTACHED CERTIFIED LISTING** | | Through:  10/01/18 |
| • Tax Liens:  FEDERAL – **NONE FOUND** | | Through:  10/01/18 |
| • Copies:  119 | | |
| Prepared by: Shari Stoutenburg,  ext 137 | | Account #:   1092 |

*Thank you!*

Unless otherwise indicated in the report, we have only searched the name provided to us.  This report is based on public information contained in government records which are compiled, maintained and indexed by the filing office named above.  The information obtained in this report is for information purposes only, and is not certified information.  Certification, if available, can only be obtained through the filing office listed above.  THE INFORMATION IN THIS REPORT IS PROVIDED AS IS≅ WITHOUT ANY WARRANTY OF ANY KIND.  WE SPECIFICALLY DISCLAIM ANY EXPRESS OR IMPLIED WARRANTIES AS TO THE ACCURACY, COMPLETENESS, CURRENCY, SUITABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THIS REPORT.  IN NO EVENT SHALL UNISEARCH, INC. BE LIABLE FOR ANY DAMAGES WHATSOEVER, INCLUDING BUT NOT LIMITED TO LOSS OF PROFITS, WHETHER IN AN ACTION OF CONTRACT, NEGLIGENCE OR OTHER TORTIOUS ACTION, ARISING OUT OF OR IN CONNECTION WITH THE USE, RELIANCE ON OR INABILITY TO USE ANY INFORMATION PROVIDED HEREIN OR PROVISION OF OR FAILURE TO PROVIDE SERVICES.  UNISEARCH=S TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.



# Delaware

*Page 1*

### The First State

*CERTIFICATE*

*SEARCHED OCTOBER 5, 2018 AT 4:58 P.M.*
*FOR DEBTOR, MICRODERMIS CORPORATION*

*1 OF 13          FINANCING STATEMENT                    20155866602*

*EXPIRATION DATE: 12/08/2020*

*DEBTOR:        MICRODERMIS CORPORATION*

*3575 FAR WEST BLVD. #30464          ADDED    12-08-15*

*AUSTIN, TX US 78731*

*SECURED:        CLARK, MICHAEL R.*

*9311 SAN PEDRO AVENUE, SUITE 750     ADDED    12-08-15*

*SAN ANTONIO, TX US 78216*


*F I L I N G   H I S T O R Y*

*20155866602     FILED 12-08-15     AT 9:16 A.M.     FINANCING STATEMENT*


*2 OF 13          FINANCING STATEMENT                    20161918646*

*EXPIRATION DATE: 03/31/2021*

*DEBTOR:        MICRODERMIS CORPORATION*

*103 CARNEGIE CENTER, SUITE 300       ADDED    03-31-16*

*PRINCETON, NJ US 08540-6235*



*Jeffrey W. Bullock, Secretary of State*

20188558909-UCC11
SR# 20187017173
You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203562240
Date: 10-05-18



# Delaware

### The First State

*Page 2*

SECURED:      HOSLER, JAMES P

                         2326 PERKINS RD.                      ADDED     03-31-16

                         ARLINGTON, TX US 76016           REMOVED 01-18-18

SECURED:      HOSLER, JAMES P

                         5006 DEERWOOD PARK DR.          ADDED     01-18-18

                         ARLINGTON, TX US 76017


### F I L I N G   H I S T O R Y

   20161918646     FILED 03-31-16    AT 6:01 P.M.    FINANCING STATEMENT

   20180425161     FILED 01-18-18    AT 5:49 P.M.    AMENDMENT

   20180425518     FILED 01-18-18    AT 5:56 P.M.    AMENDMENT


    3 OF 13          FINANCING STATEMENT                20180100376

                    EXPIRATION DATE: 01/05/2023
DEBTOR:      MICRODERMIS CORPORATION

                    103 CARNEGIE CENTER                ADDED     01-05-18

                    SUITE 300

                    PRINCETON, NJ US 08540

SECURED:      SWEENEY, DAVID MCCANN



Jeffrey W. Bullock, Secretary of State

20188558909-UCC11                                    Authentication: 203562240
SR# 20187017173                                      Date: 10-05-18

You may verify this certificate online at corp.delaware.gov/authver.shtml



# Delaware

### The First State

*103 CARNEGIE CENTER*                                             *ADDED    01-05-18*

*SUITE 300*

*PRINCETON, NJ US 08540*


*F I L I N G   H I S T O R Y*

*20180100376      FILED 01-05-18    AT 8:58 A.M.    FINANCING STATEMENT*


*    4 OF 13          FINANCING STATEMENT                 20180100764*

*              EXPIRATION DATE: 01/05/2023*
*DEBTOR:        MICRODERMIS CORPORATION*

*              103 CARNEGIE CENTER*                               *ADDED    01-05-18*

*              SUITE 300*

*              PRINCETON, NJ US 08540*

*SECURED:      SWEENEY, DAVID MCCANN*

*              103 CARNEGIE CENTER*                               *ADDED    01-05-18*

*              SUITE 300*

*              PRINCETON, NJ US 08540*


*F I L I N G   H I S T O R Y*



20188558909-UCC11
SR# 20187017173
You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203562240
Date: 10-05-18



# Delaware

## The First State

*20180100764      FILED 01-05-18      AT 9:07 A.M.      FINANCING STATEMENT*


*5 OF 13           FINANCING STATEMENT                  20180101028*

*EXPIRATION DATE: 01/05/2023*

*DEBTOR:        MICRODERMIS CORPORATION*

*103 CARNEGIE CENTER                 ADDED     01-05-18*

*SUITE 300*

*PRINCETON, NJ US 08540*

*SECURED:       SWEENEY, DAVID MCCANN*

*103 CARNEGIE CENTER                 ADDED     01-05-18*

*SUITE 300*

*PRINCETON, NJ US 08540*


*F I L I N G   H I S T O R Y*

*20180101028      FILED 01-05-18      AT 9:15 A.M.      FINANCING STATEMENT*


*6 OF 13           FINANCING STATEMENT                  20180101309*

*EXPIRATION DATE: 01/05/2023*

*DEBTOR:        MICRODERMIS CORPORATION*



Jeffrey W. Bullock, Secretary of State

20188558909-UCC11
SR# 20187017173

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203562240
Date: 10-05-18

# Delaware

### The First State

```
                    103 CARNEGIE CENTER                   ADDED    01-05-18

                    SUITE 300

                    PRINCETON, NJ US 08540

     SECURED:       SWEENEY, DAVID MCCANN

                    103 CARNEGIE CENTER                   ADDED    01-05-18

                    SUITE 300

                    PRINCETON, NJ US 08540




                       F I L I N G   H I S T O R Y

        20180101309    FILED 01-05-18   AT 9:23 A.M.   FINANCING STATEMENT


          7 OF 13          FINANCING STATEMENT              20180101606

                       EXPIRATION DATE: 01/05/2023
       DEBTOR:         MICRODERMIS CORPORATION

                    103 CARNEGIE CENTER                   ADDED    01-05-18

                    SUITE 300

                    PRINCETON, NJ US 08540

     SECURED:       SWEENEY, DAVID MCCANN

                    103 CARNEGIE CENTER                   ADDED    01-05-18
```

Jeffrey W. Bullock, Secretary of State

20188558909-UCC11
SR# 20187017173

Authentication: 203562240
Date: 10-05-18

You may verify this certificate online at corp.delaware.gov/authver.shtml



# Delaware

*Page 6*

## The First State

SUITE 300

PRINCETON, NJ US 08540


*F I L I N G   H I S T O R Y*

20180101606    FILED 01-05-18    AT 9:33 A.M.    FINANCING STATEMENT


8 OF 13        FINANCING STATEMENT              20180102166

              EXPIRATION DATE: 01/05/2023
DEBTOR:    MICRODERMIS CORPORATION

          103 CARNEGIE CENTER              ADDED    01-05-18

          SUITE 300

          PRINCETON, NJ US 08540

SECURED:   SWEENEY, DAVID MCCANN

          103 CARNEGIE CENTER              ADDED    01-05-18

          SUITE 300

          PRINCETON, NJ US 08540


*F I L I N G   H I S T O R Y*

20180102166    FILED 01-05-18    AT 9:51 A.M.    FINANCING STATEMENT



20188558909-UCC11
SR# 20187017173

Authentication: 203562240
Date: 10-05-18

You may verify this certificate online at corp.delaware.gov/authver.shtml

# Delaware

### The First State



*Page 7*

```
     9 OF 13          FINANCING STATEMENT              20180102364

              EXPIRATION DATE: 01/05/2023
   DEBTOR:     MICRODERMIS CORPORATION

              103 CARNEGIE CENTER                 ADDED    01-05-18

              SUITE 300

              PRINCETON, NJ US 08540

   SECURED:    SWEENEY, DAVID MCCANN

              103 CARNEGIE CENTER                 ADDED    01-05-18

              SUITE 300

              PRINCETON, NJ US 08540



                    F I L I N G   H I S T O R Y

   20180102364    FILED 01-05-18   AT 10:00 A.M.   FINANCING STATEMENT



    10 OF 13          FINANCING STATEMENT              20180102703

              EXPIRATION DATE: 01/05/2023
   DEBTOR:     MICRODERMIS CORPORATION

              103 CARNEGIE CENTER                 ADDED    01-05-18
```



# Delaware

Page 8

## The First State

```
              SUITE 300

              PRINCETON, NJ US 08540

SECURED:      SWEENEY, DAVID MCCANN

              103 CARNEGIE CENTER              ADDED    01-05-18

              SUITE 300

              PRINCETON, NJ US 08540




                      F I L I N G   H I S T O R Y

    20180102703    FILED 01-05-18   AT 10:07 A.M.   FINANCING STATEMENT


     11 OF 13         FINANCING STATEMENT              20180103008

                 EXPIRATION DATE: 01/05/2023
DEBTOR:       MICRODERMIS CORPORATION

              103 CARNEGIE CENTER              ADDED   01-05-18

              SUITE 300

              PRINCETON, NJ US 08540

SECURED:      SWEENEY, DAVID MCCANN

              103 CARNEGIE CENTER              ADDED   01-05-18

              SUITE 300

              PRINCETON, NJ US 08540
```



Jeffrey W. Bullock, Secretary of State

20188558909-UCC11                              Authentication: 203562240
SR# 20187017173                                         Date: 10-05-18

You may verify this certificate online at corp.delaware.gov/authver.shtml



# Delaware

### The First State

*F I L I N G   H I S T O R Y*

*20180103008    FILED 01-05-18    AT 10:12 A.M.    FINANCING STATEMENT*

*12 OF 13        FINANCING STATEMENT            20180426839*

*EXPIRATION DATE: 01/18/2023*

*DEBTOR:       MICRODERMIS CORPORATION*

*103 CARNEGIE CENTER, SUITE 300        ADDED    01-18-18*

*PRINCETON, NJ US 08540*

*SECURED:      HOSLER, JAMES P*

*5006 DEERWOOD PARK DR.          ADDED    01-18-18*

*ARLINGTON, TX US 76017*

*F I L I N G   H I S T O R Y*

*20180426839    FILED 01-18-18    AT 6:27 P.M.    FINANCING STATEMENT*

*13 OF 13        FINANCING STATEMENT            20180827424*

*EXPIRATION DATE: 02/05/2023*

*DEBTOR:       MICRODERMIS CORPORATION*



Jeffrey W. Bullock, Secretary of State

20188558909-UCC11
SR# 20187017173

Authentication: 203562240
Date: 10-05-18

You may verify this certificate online at corp.delaware.gov/authver.shtml



# Delaware

## The First State

*Page 10*

*103 CARNEGIE CENTER*                                   ADDED      02-05-18

*SUITE 300*

*PRINCETON, NJ US 08540*

SECURED:     *KAYLOR, KEN*

*4928 PANORAMA COURT*                        ADDED      02-05-18

*BAKERSFIELD, CA US 93306*


*F I L I N G   H I S T O R Y*

*20180827424     FILED 02-05-18    AT 12:26 P.M.   FINANCING STATEMENT*


*E N D   O F   F I L I N G   H I S T O R Y*

*THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE LISTING IS A RECORD OF ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS, FEDERAL TAX LIENS AND UTILITY SECURITY INSTRUMENTS FILED IN THIS OFFICE WHICH NAME THE ABOVE DEBTOR, MICRODERMIS CORPORATION AS OF OCTOBER 1, 2018 AT 11:59 P.M.*



Jeffrey W. Bullock, Secretary of State

20188558909-UCC11                                   Authentication: 203562240
SR# 20187017173                                              Date: 10-05-18

You may verify this certificate online at corp.delaware.gov/authver.shtml