IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-35179 |
| MICRODERMIS CORPORATION | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE JEFFREY P. NORMAN |

**<u>ORDER GRANTING TRUSTEE'S MOTION TO (a) AUCTION PATENT RIGHTS AND INTERESTS; (b) ESTABLISH CREDIT BIDDING PROCEDURE FOR AUCTION BIDS and (c) SURCHARGE PROCEEDS OF SALE/ REQUIRE PAYMENT OF ADMINISTRATIVE CLAIMS</u>**

(Docket # _____)

CAME ON for consideration the Trustee's Motion to (a) Auction Patent Rights and Interests; (b) Establish Credit Bidding Procedure for Auction Bids and (c) Surcharge Proceeds of Sale/ Require Payment of Administrative Claims (the "Motion") and the Court being of the opinion that it should be granted, it is therefore:

ORDERED that all capitalized terms used herein shall have the same meaning ascribed to them as used in the Motion; it is further

ORDERED that the Trustee is authorized to sell the Patent Rights and Interests by way of Auction to occur on the ____ day of _____, 2019, beginning at _____ a.m./p.m., and is subject to the following procedures:

    a.    That the Auction be conducted at a location designated by the Court within the Bob Casey Federal Building, 515 Rusk, Houston, Texas 77002, at a time Ordered by the Court and in a manner deemed appropriate by the Trustee. The Trustee may, in his discretion, make a record of the auction proceedings by means he deems most appropriate if more than one bidder is expected to compete in the Auction;

    b.    That the Patent Rights and Interests will be sold as a single unit for cash consideration only, with no non-cash consideration of any kind allowed, excepting any credit bid allowed by the Court;

    c.    That to determine whom shall commence bidding, all bidders present at the start of the Auction shall roll a twenty-side die once, with the bidder with the highest roll being the initial bidder. In the event of a tie, the tying parties shall continue taking turns until there is no longer a tie with the party with the highest roll being the initial bidder. The initial bidder has an obligation to make an initial bid. After the initial bid, each bidder present shall have a single turn to make an overbid of the last bid. A bidder who fails to make an overbid shall forfeit the right to continue bidding at the Auction;

d. The initial bid must be for no less than $100,000 (whether cash, credit bid or some combination thereof). All subsequent bids shall be for no less than $5,000.00 in value (whether cash, credit bid or some combination thereof) higher than the last bid;

f. That at the conclusion of the Auction, the bidder making the highest and best bid will be announced as the Prevailing Bidder. The bidder with the next highest and best bid may be announced as the Back-up Bidder. Both the Prevailing Bidder and any Back-Up Bidder must execute and provide a purchase contract in the form attached as **Exhibit B**. The Trustee will then seek approval of the sale of the Patent Rights and Interests to the Prevailing Bidder, as well as approval of the bid of the Back-Up Bidder at the Sale Hearing. The bid of the Back-Up Bidder, and its duty to consummate the purchase of the Patent Rights and Interests, shall remain open and in full force until the close of a sale of the Patent Rights and Interests. If the Prevailing Bidder fails to close, the Back-up Bidder shall have three (3) business days following notice that the sale to the Prevailing Bidder did not close, in which to close on the purchase of the Patent Rights and Interests. All persons participating in the Auction are deemed to have consented to being the Back-up Bidder, if selected by the Trustee;

f. That the Patent Rights and Interests shall be sold in an AS IS WHERE IS condition with all faults and defects, with no representations or warranties, express or implied, of any kind. Furthermore, the Patent Rights and Interests will be sold free and clear of all liens and claims pursuant to 11 U.S.C. §363(b) and (f), with such attaching to the proceeds of sale in the same order, priority and validity as existed prior to the bankruptcy filing, as determined pursuant to the procedures set forth in Part II of this Motion;

g. That by participating in the Auction, a bidder will be deemed to (i) have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction or the construction and enforcement of these procedures and (ii) have conducted all due diligence required to participate in the Auction on a fully informed basis and is not relying on an representation of any kind by the Trustee in exercising its business judgment in bidding on/purchasing the Patent Rights and Interests;

h. That the closing of the sale of the Patent Rights and Interests shall take place within five (5) business days after the Order approving the sale becomes final and non-appealable. Upon payment, the Patent Rights and Interests shall be assigned by way of assignment in a form acceptable to both parties. Any dispute regarding the form of assignment is to be immediately submitted to the Bankruptcy Court for resolution.

IT IS FURTHER ORDERED that an evidentiary hearing is set for _____ a.m./p.m., CST on the _____ day of _____, 2019, to consider approval of the auction sale of the Patents; it is further

ORDERED that all creditors asserting a secured claim against any or all of the Patent Rights and Interests be required to file a proof of claim (an "SPRI Claim") in this case no later than the ____ day of _____, 2019 (the "SPRI Claim Filing Deadline") and attach such documents to the proof of claim establishing: (i) the amount of the claim as of the Petition Date; (ii) the specific collateral for the SPRI Claim; (iii) the means and date by which the security interest asserted was created; and (iv) the means

and date by which the security interest asserted was perfected and the specific collateral against which perfection is alleged; it is further

ORDERED that any objections to a SPRI Claim must be filed by 5:00 p.m., CST on the _____ day of _____, 2019; it is further

ORDERED that on _____ a.m./p.m., CST on the _____ day of _____, 2019, the Court shall conduct an evidentiary hearing on all objections to SPRI Claims and to determine the validity, amount and priority of each SPRI Claim (the "Credit Bid Hearing") for purposes of credit bidding at the Auction pursuant to 11 U.S.C. § 363(k) ("Allowed SPRI Credit Bids"); it is further

ORDERED that any party who fails to timely file a SPRI Claim by the SPRI Claim Filing Deadline from asserting a secured claim against the Patent Rights and Interests (as well as the proceeds of sale thereof) and credit bidding at the Auction; and; it is further

ORDERED that the Prevailing Bidder, or Back-Up-Bidder, who closes on the sale of the Patent Rights and Interests shall also pay, in addition to the amount of its bid: (i) compensation to the Trustee based upon the percentages set forth in 11 U.S.C. § 326(a) as applied to the amount its bid, (ii) the amount of administrative expenses for fees and expenses of General and Special Counsel, and (iii) the amount of the claim of James Hosler for the costs of preserving the Patent Rights and Interests pursuant to this Court's Order at docket no. 21;

Within three (3) business days of entry of this Order, the Trustee shall serve a copy thereof on all parties entitled to notice under the law specifically including, but not limited to, all persons reasonably known to him to have asserted, or which might assert, a claim secured by any or all of the Patent Rights and Interests.

SIGNED: _____

                                                   _____
                                                   JEFFREY P. NORMAN,
                                                   UNITED STATES BANKRUPTCY JUDGE